UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, a sovereign federally recognized Native Nation,<br><br>     Plaintiff,<br><br>  v.<br><br>KLICKITAT COUNTY, a political subdivision of the State of Washington; KLICKITAT COUNTY SHERIFF'S OFFICE, an agency of Klickitat County; BOB SONGER, in his official capacity; KLICKITAT COUNTY DEPARTMENT OF THE PROSECUTING ATTORNEY, an agency of Klickitat County; and DAVID QUESNEL, in his official capacity,<br><br>     Defendants. | NO. 1:18-CV-3110-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND DENYING MOTION FOR PRELIMINARY INJUNCTION |

BEFORE THE COURT is Plaintiff's Motion for Temporary Restraining

Order and Preliminary Injunction. ECF No. 3. This matter was heard with oral

argument on June 28, 2018. The Court has reviewed the record and files therein, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Temporary Restraining Order is **GRANTED** and Motion for Preliminary Injunction is **DENIED**.

## BACKGROUND

On June 27, 2018, Plaintiff the Confederated Tribes and Bands of the Yakama Nation filed a Complaint against Defendants Klickitat County, Klickitat County Sherriff's Office, Klickitat's County Sheriff Bob Songer, Klickitat County Department of the Prosecuting Attorney, and Prosecuting Attorney David Quesnel. ECF No. 1. Plaintiff alleges a violation of the Treaty of 1855, requesting declaratory and injunctive relief. *Id.* at ¶¶ 6-7.

On June 27, 2018, Plaintiff filed the instant motion for a temporary restraining order ("TRO") and preliminary injunction. ECF No. 3. On June 28, 2018, Defendant David Quesnel filed a Notice of Appearance on behalf of all Defendants and Defendants filed a response. ECF Nos. 5; 6; 8.

## FACTS

The following facts are drawn from Plaintiff's Complaint and are accepted as true for the purposes of the instant motion. Under the Treaty of 1855, the Yakama Nation reserved its inherent sovereign jurisdiction over its enrolled Members and its land both within and beyond the exterior boundaries of the

Yakama Reservation, including off-Reservation trust allotments ("Yakama Trust Allotments") held by the United States on behalf of Yakama Nation and Yakama Members. ECF No. 1 at ¶¶ 5.1-5.2. The Yakama Nation exercises civil regulatory jurisdiction over its Members' actions and over actions taken on Yakama Trust Allotments. *Id.* at ¶ 5.3.

In regards to fireworks, Yakama Nation has adopted and enforces Yakama laws, regulations, and a permitting regime to regulate Yakama Members' retail sale of fireworks within the Yakama Reservation and on Yakama Trust Allotments. *Id.* at ¶ 5.4. The Yakama Nation issued firework permits to certain Yakama Members authorizing the retail sale of fireworks at specific locations within the Yakama Reservation and Yakama Trust Allotments. *Id.* at ¶ 5.5. The permits are valid from June 11, 2018 through July 5, 2018. *Id.*

On June 26, 2018, Defendant Sheriff Bob Songer issued "cease and desist" notices to Yakama Members selling fireworks on Yakama Trust Allotments, citing RCW 70.77 *et seq*. *Id.* at ¶ 5.6. On the morning of June 27, 2018, Yakama Nation's legal counsel unsuccessfully attempted to contact Defendant Songer by calling the Klickitat County Sheriff's Office to request that he not take improper *ultra vires* regulatory or enforcement action against Yakama Members selling fireworks on Yakama Trust Allotments. *Id.* at ¶ 5.9. Yakama Nation then received a phone call from Defendant Prosecuting Attorney David Quesnel who refused

Yakama Nation legal counsel's request for an immediate in person meeting in Goldendale, Washington. *Id.* at ¶ 5.10. Plaintiff alleges that Defendant Quesnel stated that the County intends to continue its regulatory and enforcement efforts against Yakama Members selling fireworks on Yakama Trust Allotments despite the Yakama Nation's objections. *Id.*

On June 27, 2018, Yakama Nation's legal counsel transmitted a letter to Defendant Quesnel demanding that he immediately work with Defendant Songer to stop any and all harassment of Yakama Members engaged in the lawful sale of fireworks on Yakama Trust Allotments. *Id.* at ¶ 5.11.

Plaintiff asserts that Washington's Fireworks Regulations include an express statement of legislative intent that the regulations are intended to be "regulatory only, and not prohibitory." ECF No. 1. at ¶ 5.7; RCW § 70.77.11. Plaintiff argues that the United States has not authorized Defendants to exercise civil regulatory jurisdiction over Yakama Members on Yakama Trust Allotments. ECF No. 1 at ¶ 5.8. Plaintiff alleges that Defendants threaten to arrest Yakama Members and seize Yakama Member-owned personal property in violation of the Yakama Nation's inherent sovereign and Treaty-reserved rights and jurisdiction, posing an imminent threat of harm to the Yakama Nation and its Members. *Id.* at ¶ 5.12.

//

//

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 65, a district court may grant a TRO in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). A court may (1) "issue a preliminary injunction only on notice to the adverse party" or (2) "issue a temporary restraining order without written or oral notice to the adverse party or its attorney." Fed. R. Civ. P. 65(a)-(b). The analysis for granting a temporary restraining order is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). It "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain this relief, a plaintiff must demonstrate: (1) likelihood of success on the merits, (2) a likelihood of irreparable injury in the absence of preliminary relief, (3) that a balancing of the hardships weighs in plaintiff's favor, and (4) that a preliminary injunction will advance the public interest. *Winter*, 555 U.S. at 20; *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

To demonstrate that a plaintiff is entitled to a TRO, plaintiff must satisfy each element. Yet, the Ninth Circuit uses a "sliding scale" under which the injunction may be issued if there are serious questions going to the merits and the balance of hardships tips sharply in the plaintiff's favor, along with two other *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir.

2011) ("[A] stronger showing of one element may offset a weaker showing of another."); *see also Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) ("We have also articulated an alternate formulation of the *Winter* test, under which serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." (quotation marks and citation omitted)).

**A. Likelihood of Success on the Merits**

Plaintiff must show that there are "serious questions going to the merits" of its claim. *Cottrell*, 632 F.3d at 1131. Plaintiff must also show that it is likely to succeed on those questions of merit. *Farris*, 677 F.3d at 865. Here, Plaintiff contends that it is likely to prevail on the merits because Defendants lack the civil regulatory authority they have tried to claim and enforce over Yakama Members selling fireworks on Yakama Trust Allotments. ECF No. 3 at 6-7. Plaintiff asserts that federal law recognizes that Indian tribes have plenary and exclusive power over their members and their territory, subject only to limitations imposed by federal law. *Id.* at 7. Plaintiff states that the Yakama Nation's territory includes Yakama Trust Allotments held in trust by the United States for the Yakama Nations and its Members, which are located outside the exterior boundaries of the Yakama Reservation. ECF No. 3 at 7; 18 U.S.C. § 1151 ("Indian Country"

includes "all Indian allotments, the Indian titles to which have not been extinguished ….").

Public Law 280 and the Assimilative Crimes Act ("ACA") provide Washington State with a limited basis to enforce criminal or prohibitory state laws against Indians in Indian Country. ECF No. 3 at 7; Pub. L. No. 83-280, 67 Stat. 588 (1953); Assimilative Crimes Act, 18 U.S.C. §§ 13, 1152. Yet, Plaintiff argues that neither of these laws provide a basis for Defendants to assert jurisdiction over firework sales because the laws do not give states any civil regulatory authority in Indian Country. ECF No. 3 at 7.

In 1995, Washington changed its fireworks laws, declaring "that fireworks, when purchased and used in compliance with the laws of the state of Washington, are legal. The legislature intends that this chapter is regulatory only, and not prohibitory." RCW § 70.77.111. Defendants cite to *United States v. Marcyse*, which found that Washington's fireworks law is prohibitory rather than regulatory. ECF No. 8 at 7; *United States v. Marcyse*, 557 F.2d 1361, 1364 (9th Cir. 1977). Yet, this case was decided prior to the 1995 amendment, which Defendants conceded at oral argument. Additionally, the Ninth Circuit distinguished *Marcyse* and found speeding was decriminalized in Washington, making it regulatory and not subject to enforcement by the state on roads within the reservation.

*Confederated Tribes of Colville Reservation v. State of Wash.*, 938 F.2d 146, 149 (9th Cir. 1991).

Similar to *Colville Reservation*, this Court determines that Washington explicitly declared that its fireworks laws are only regulatory, not prohibitory. While the law may carry some criminal sanctions, this does not necessarily convert a regulatory law into a criminal law within the meaning of Public Law 280. *See California v. Cabazon Band of Mission Indians*, 480 U.S. 202, 211 (1987). The Court then finds that Washington's fireworks laws are merely regulatory and Defendant does not have criminal jurisdiction pursuant to Public Law 280 or the ACA.

Additionally, Defendants contend they still have jurisdiction over trust land not within the reservation. Defendants cite to *State v. Comenout*, which determined that allotted or trust lands are not excluded from full nonconsensual state jurisdiction unless they are within an established Indian reservation. *State v. Comenout*, 173 Wash.2d 235, 239 (2011) (citing RCW 37.12.010). The Court finds that while Washington may distinguish this issue, federal law includes allotments off the reservation as Indian Country. *See* 18 U.S.C. § 1151(c). The Eighth Circuit found this federal statute self-explanatory and determined that allotments are Indian Country whether or not they are located within a reservation. *Yankton Sioux Tribe v. Gaffey*, 188 F.3d 1010, 1022 (8th Cir. 1999). The Court

determines that trust property and trust allotments outside of the reservation are Indian Country and not subject to the state's civil regulatory jurisdiction.

Plaintiff is then likely to succeed on the merits because Defendants likely do not have jurisdiction to enforce Washington's fireworks regulations in Indian Country, as the legislature makes clear that it is not a criminal or prohibitory state law.

### B. Irreparable Harm

A plaintiff seeking injunctive relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

Here, Plaintiff insists that Yakama Nation and Yakama Members will suffer immediate, concrete, and irreparable harm absent this Court's intervention. ECF No. 3 at 9. Plaintiff alleges that Defendants' threat to exercise civil regulatory jurisdiction violates the rights reserved to the Yakama Nation in the Treaty of 1855, threatening the political integrity of the Yakama Nation. *Id.* Plaintiff argues that the harm includes illegal trespass against its civil regulatory jurisdiction,

impairment of Yakama Members' rights under Yakama law, and interference with Yakama Nation's right to make its own laws and live by them. *Id.* at 9-10.

Defendants argue that Plaintiff merely asserts economic harm, but the harm to Defendants is very real considering a past devastating wildfire caused by a firework. ECF No. 8 at 9. The Court disagrees and finds that Plaintiff's harm is not simply economic. The Court finds that Plaintiff establishes that it will suffer harm absent injunctive relief. Without an injunction, the Yakama Nation would not be able to enforce its own civil regulatory authority over its Members within Indian Country. When accepting the Complaint as true, Defendants have also threatened to arrest Yakama Members and seize their property, potentially violating the Yakama Nation's sovereignty. *See* ECF No. 1 at ¶ 5.12. As discussed at oral argument, the Court emphasizes that three out of five fireworks stands did not open today for fear of prosecution. The Court finds that economic damages cannot easily remedy a defense of sovereignty and fear of prosecution. The Court also notes that there is no suggestion that Defendants are subject to an award of damages were Plaintiff to succeed in this case, as Defendants may have sovereign immunity from money damages. Accordingly, the Court then determines that Plaintiff will suffer irreparable harm in the absence of an injunction and Defendants may not be amendable to pay money damages.

//

## C. Balance of Hardships and Public Interest

"In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (quotation marks and citation omitted). The Court must balance the hardships to the parties should the *status quo* be preserved against the hardships to the parties should Plaintiff's requested relief be granted. "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* (quotation omitted). "The public interest inquiry primarily addresses impact on non-parties rather than parties." *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 (9th Cir. 2014) (citation omitted). Regardless, the Court will not grant an injunction unless the public interests in favor of granting an injunction "outweigh other public interests that cut in favor of *not* issuing the injunction." *Cottrell*, 632 F.3d at 1138 (emphasis in original).

Here, Plaintiff contends that in balancing the equities, the public interest is served when governments and government actors act only within the scope of their jurisdiction. ECF No. 3 at 10. Plaintiff argues that the balance of hardships "tips sharply in Yakama Nation's favor given Defendants' threat to undermine the sovereignty of the Yakama Nation." *Id.*

The Court finds that the *status quo* should be preserved to allow the Yakama Nation to continue asserting its own civil regulatory authority over its Members within Indian Country. Any potential burden to Defendants is minimal, as they may not be able to regulate the Yakama Nation's selling of fireworks. Yet, these sales are already being regulated by the Yakama Nation and fireworks are not illegal in Washington State. Defendants' limited interest in regulating the sales themselves is not a sufficient burden to justify potentially infringing on the Yakama Nation's sovereign rights.

Additionally, the Court determines that the public interest weighs in favor of Plaintiff, as an injunction recognizes and maintains the importance of a nation's sovereignty. Allowing a state to potentially infringe on the sovereignty of another for a regulatory concern does not serve the public interest. Accordingly, the Court grants Plaintiff's Motion for Temporary Restraining Order.

**D. Preliminary Injunction**

The Court declines to grant a preliminary injunction. An order granting a TRO "expires at the time after entry – not to exceed 14 days – that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed R. Civ. P. 56(b)(2). Here, Plaintiff's permit period only lasts until July 5, 2018. ECF No. 1. at ¶ 5.5 A TRO

would extend past this period and the issues would likely be moot. The Court then declines to grant a preliminary injunction at this time.

### E. Injunction Bond

Plaintiff requests the Court waive or set a nominal sum for any injunction bond under Federal Rule of Civil Procedure 65(c). ECF No. 3 at 10. Rule 65(c) permits a court to grant preliminary injunctive relief "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). This Rule "invests the district court with discretion as to the amount of security required, *if any*." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quotation and citation omitted) (emphasis in original). The court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.*

Here, Plaintiff insists that Yakama Nation is attempting to protect its Treaty and its sovereignty. ECF No. 3 at 10. Plaintiff states that a bond would come directly from Tribal resources needed by Yakama Nation to provide governmental services and thus no bond should be required. *Id.*

The Court finds that Defendants would not suffer potential damage arising from the operation of the injunction itself. The TRO merely maintains the *status quo* regarding Yakama Nation's sovereignty and Defendants will only be

minimally burdened by not regulating the sale of fireworks by enrolled Yakama Members in Indian Country. This minimal damage is not persuasive to justify an injunction bond. Accordingly, the Court waives the injunction bond.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) is **GRANTED in part** and **DENIED in part**. The Temporary Restraining Order is **GRANTED**. At this time, the motion for Preliminary Injunction is **DENIED**. **Effective immediately and expiring 14-days from today**, Defendants are temporarily enjoined from:

    taking any action to enforce Chapter 70.77 of the Revised Code of Washington against Members of the Yakama Nation within the boundaries of the Yakama Reservation, upon Tribal Trust Property, and upon Tribal Trust Allotments whether or not they are located within the Reservation, including arresting, detaining, or prosecuting any Member of the Yakama Nation for the possession or sale of fireworks or seizing or confiscating any fireworks or other possessions of any Member of the Yakama Nation conducting the sale of fireworks.

2. Plaintiff's Motion to Expedite Hearing on Motion for Temporary Restraining Order (ECF No. 4) is **GRANTED**.

//

//

//

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND DENYING MOTION FOR PRELIMINARY INJUNCTION ~ 14

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** June 28, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND DENYING MOTION FOR PRELIMINARY INJUNCTION ~ 15