1  David Quesnel, WSBA No. 38579
2  Rebecca Sells, WSBA No. 48192
   Klickitat County Prosecuting Attorney's Office
3  205 S. Columbus Avenue, MS-CH 18
   Goldendale, WA 98620
4  (509)773-5838
   davidq@klickitatcounty.org
5  rebeccas@klickitatcounty.org

6

7

8

9

10              **UNITED STATES DISTRICT COURT OF**
11              **EASTERN DISTRICT OF WASHINGTON**

12  CONFEDERATED TRIBES AND          NO.  1:18-CV-03110-TOR
    BANDS OF THE YAKAMA
13  NATION,
                        Plaintiff,    ANSWER
14
    v.
15
    KLICKITAT COUNTY;
16  KLICKITAT COUNTY SHERIFF'S
    OFFICE; BOB SONGER,
17  KLICKITAT COUNTY
    DEPARTMENT OF THE
18  PROSECUTING ATTORNEY; and
    DAVID QUESNEL
19                      Defendants.
20

21      DEFENDANTS, by and through DAVID R. QUESNEL, Klickitat

22  County Prosecuting Attorney, respectfully answer Plaintiff's Complaint as

23  follows:

        ANSWER– Page 1                    **KLICKITAT COUNTY PROSECUTOR**
                                          205 S. Columbus Avenue
                                          MS-CH 18
                                          Goldendale, WA 98620
                                          (509)773-5838 • Fax (509)773-6696

# 1. ANSWER TO INTRODUCTION

1.1    Defendants deny the allegations contained in paragraph 1.1 of Plaintiff's Complaint. Defendants deny that the attempts to regulate the sale of fireworks by Yakama Tribal Members on Yakama trust property outside the boundaries of the Yakama reservation pursuant to RCW 70.77 or any other applicable Washington statutes was unlawful or that defendants lacked jurisdiction. Defendants do not have sufficient facts as to whether those identified obtained permits through the Yakama Nation for the sale of fireworks and therefore deny this allegation.

1.2    Defendants admit that on June 26, 2018, Klickitat County Sheriff Bob Songer issued a "cease and desist" notice to individuals at businesses believed to be selling fireworks in violation of the laws of the State of Washington.  Defendants admit that the notice would commence enforcement actions if activities in violation of the laws of the State of Washington did not cease.

1.3    The statement in Paragraph 1.3 constitutes legal argument, and no answer is required. The Treaty with the Yakamas of June 9, 1855, 23 Stat. 951 (1859) (hereafter the "Treaty of 1855"), moreover, speaks for itself.  To any extent an answer is required defendants deny the allegations contained in paragraph 1.3.

1.4    The statement in Paragraph 1.4 constitutes legal argument, and no answer is required. To any extent an answer is required, Defendants deny the allegations contained in paragraph 1.4.

ANSWER– Page 2

1.5    Paragraph 1.5 contains a prayer for relief.  Defendants deny that the requested relief should be granted. Defendants deny that the regulation attempts under RCW 70.77 were improper or unlawful. Defendants deny that it should be enjoined from taking proper enforcement actions against any and all individuals selling fireworks in violation of the laws of State of Washington within Klickitat County outside the established boundaries of the Yakama reservation.

## 2.  ANSWER TO JURISDICTION AND VENUE

2.1    Defendants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1362. Defendants deny that any claims arising under the Treaty of 1855 constitute federal law, as it is a "treaty of the United States" within both 28 U.S.C. § 1331 and 28 U.S.C. § 1362.

2.2    Defendants admit that 28 U.S.C. § 2201 and 28 U.S.C. § 2202 authorize relief in certain matters, but deny any such relief is appropriate in this case.

2.3    Defendants admit the allegation in Paragraph 2.3.

## 3.  ANSWER TO PARTIES

3.1    Defendants admit that the Yakama Nation is a federally recognized tribe and a signatory to the Treaty of 1855.  The remainder of Paragraph 3.1 is legal argument and requires no answer. To the extent these allegations require an answer, Defendants deny them.

## 4.  ANSWER TO DEFENDANTS

ANSWER– Page 3

**KLICKITAT COUNTY PROSECUTOR**
205 S. Columbus Avenue
MS-CH 18
Goldendale, WA 98620
(509)773-5838 • Fax (509)773-6696

1
2

4.1    Defendants admit that Klickitat County is a political subdivision of the State of Washington.

3
4

4.2    Defendants admit the allegations contained in paragraph 4.2 of Plaintiff's Complaint.

5
6

4.3    Defendants admit that Bob Songer is the Klickitat County Sheriff and that he is being sued in his official capacity.

7
8
9
10
11

4.4    Defendants deny the allegations contained in paragraph 4.4 of Plaintiff's Complaint as there is no "Department" of the Prosecuting Attorney. Defendants admit there is a Prosecuting Attorney's Office that is an agency of Klickitat County and that it headed by the duly elected official called the Prosecuting Attorney.

12
13
14
15
16

4.5    Defendants deny that David Quesnel is "a" Prosecuting Attorney but admits that David Quesnel is the Prosecuting Attorney for Klickitat County. Defendants deny that Prosecutor Quesnel is being sued in his official capacity as a county officer. Defendants admit that Prosecutor Quesnel is being sued in his official capacity as a state officer.

17

## 5.  ANSWER TO FACTUAL BACKGROUND

18
19
20
21

5.1    Defendants admit that the Yakama Nation is a federally recognized tribe and a signatory to the Treaty of 1855.  The remainder of Paragraph 5.1 is legal argument and requires no answer. To the extent these allegations require an answer, Defendants deny them.

22

5.2    Defendants admit the allegations of paragraph 5.2.

23

ANSWER– Page 4

**KLICKITAT COUNTY PROSECUTOR**
205 S. Columbus Avenue
MS-CH 18
Goldendale, WA 98620
(509)773-5838 • Fax (509)773-6696

5.3    Paragraph 5.3 is legal argument and requires no answer. To the extent this allegation requires an answer, Defendants deny it. The State of Washington assumed partial civil and criminal jurisdiction over the Indian territory, including trust allotments, and tribal members pursuant to Public Law 280, by enacting Laws of 1963, ch. 36 (codified in chapter 37.12 RCW).

5.4    Defendants are without knowledge or sufficient information to know whether the allegations are true, and therefore deny them.

5.5    Paragraph 5.5 is legal argument and requires no answer. To the extent this allegation requires an answer, Defendants deny it. Defendants do not have sufficient knowledge as to whether the Yakama Nation issued fireworks permits to Yakama Members, or what the terms of such permits would include.

5.6    Defendants admit that Sheriff Bob Songer issued "cease and desist" notices to individuals believed to be selling fireworks in violation of the laws of State of Washington that threatened enforcement actions if activities in violation of state law did cease within 24 hours of receipt of the notice.

5.9 (sic)    Defendants admit that Yakama Nation's legal counsel attempted to contact Defendant Songer on June 27, 2018, but that such contact was not made. Defendants are unable to determine what the intent of the contact was because the contact never took place, and therefore denies the remainder of this allegation.

ANSWER– Page 5

5.10   Defendants admit that a phone call between Prosecuting Attorney David Quesnel and Yakama Nation legal counsel Ethan Jones took place on June 27, 2018. Defendants admit that Mr. Quesnel was unable to meet in person in Goldendale on short notice due to scheduling demands and the fact that Mr. Quesnel was not in Goldendale, but stated Klickitat County would move forward with enforcement.

5.11   Defendants admit that it received a letter on June 27, 2018, demanding the County stop with the enforcement action. The content of that letter speaks for itself.

5.7 (sic)     Paragraph 5.7 is legal argument and requires no answer. To the extent this allegation requires an answer, Defendants deny it.

5.8     Paragraph 5.8 is legal argument and requires no answer. To the extent this allegation requires an answer, Defendants deny it. The State of Washington assumed partial civil and criminal jurisdiction over the Yakama Reservation and tribal members pursuant to Public Law 280, by enacting Laws of 1963, ch. 36 (codified in chapter 37.12 RCW).

5.12 (sic)     Paragraph 5.12 is legal argument and requires no answer. To the extent this allegation requires an answer, Defendants deny it.

## 6.  ANSWER TO FIRST CLAIM FOR RELIEF

6.1     Defendants hereby incorporate and assert their answers to all prior allegations by reference. As to any and all allegations in Plaintiff's Complaint for Declaratory and Injunctive Relief not expressly admitted or denied in prior answers, Defendants deny the same.

ANSWER– Page 6

6.2    Paragraph 6.2 is legal argument and requires no answer. To the extent this allegation requires an answer, Defendants deny it.

6.2 (sic)    Paragraph 6.2 is legal argument and requires no answer. To the extent this allegation requires an answer, Defendants deny that their exercise of jurisdiction granted to the State by Public Law 280, RCW 37.12.010, and Proclamation 14-01 violated or violates the rights reserved to the Yakama Nation in the Treaty of 1855. Defendants deny that their exercise of jurisdiction granted to the State by Public Law 280, RCW 37.12.010, and Proclamation 14-01 violates federal law. Defendants deny that their exercise of jurisdiction granted to the State by Public Law 280, RCW 37.12.010, and Proclamation 14-01 directly violates the Yakama Nation's inherent sovereignty and Treaty-reserved jurisdiction over its enrolled Members' actions.

6.3    The allegations in Paragraph 6.3 constitute legal argument and requires no answer. To the extent this allegation requires an answer, Defendants incorporate the response provided in section 6.2.

## 7.  ANSWER TO REQUEST FOR RELIEF

In answer to Plaintiff's request for relief set forth at Paragraph (A) of Plaintiff's Complaint for Declaratory and Injunctive Relief, and any allegations contained therein, Defendants deny the allegations and denies that Plaintiff's request for relief should be granted. As to any and all allegations in Plaintiff's Complaint for Declaratory and Injunctive Relief not expressly admitted or denied, Defendants deny the same.

ANSWER– Page 7

In answer to Plaintiff's request for relief set forth at Paragraph (B) of Plaintiff's Complaint for Declaratory and Injunctive Relief, and any allegations contained therein, Defendants deny the allegations and denies that Plaintiff's request for relief should be granted. As to any and all allegations in Plaintiff's Complaint for Declaratory and Injunctive Relief not expressly admitted or denied, Defendants deny the same.

In answer to Plaintiff's request for relief set forth at Paragraph (C) of Plaintiff's Complaint for Declaratory and Injunctive Relief, and any allegations contained therein, Defendants deny the allegations and denies that Plaintiff's request for relief should be granted. As to any and all allegations in Plaintiff's Complaint for Declaratory and Injunctive Relief not expressly admitted or denied, Defendants deny the same.

### 8. DEFENSES AND REQUESTED RELIEF

WHEREFORE, having fully answered the Yakama Nation's Complaint for Declaratory and Injunctive Relief, Defendants assert that discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to them in this matter. Defendants therefore assert the following affirmative defenses in order to preserve the right to assert them. If the facts warrant, Defendants may withdraw any of these affirmative defenses as may be appropriate. Further, Defendants reserve the right to amend this Answer to assert additional defenses, cross claims, counterclaims, or other defenses. By way of further answer and affirmative defenses, Defendants allege:

ANSWER– Page 8

## 8.1   Facts Supporting Affirmative Defenses

8.1.1  Prosecutor Quesnel functions as both a state officer and a county officer. See Laws of 2008, ch. 309, § 1 ("The legislature finds that an elected county prosecuting attorney functions as both a state officer in pursuing criminal cases on behalf of the state of Washington, and as a county officer who acts as civil counsel for the county.").

8.1.2  A significant portion of Prosecutor Quesnel's salary is paid by the State of Washington, rather than by Klickitat County. *See* RCW 36.17.020(11).

8.1.3  Prosecutor Quesnel may be removed from office by the Washington State Legislature. Wash. Const. art. IV, sec. 9.

8.1.4  Prosecutor Quesnel acts as a state officer when preparing to prosecute and when prosecuting violations of state law. *See generally Whatcom County v. Stat*e, 99 Wn. App. 237, 993 P.2d 273 (2000).

8.1.5  Under Public Law 280, 67 Stat. 588 (1953), codified as amended at 18 U.S.C. § 1162, Washington State assumed civil and criminal jurisdiction over all Indian country, including trust allotments, within the state as codified in RCW 37.12.010. *State v. Comenout*, 173 Wash. 2d 235, 238-39, 267 P.3d 355, 357 (2011), *cert. denied*, *Comenout v. Washington*, 566 U.S. 989 (2012); (quoting *State v. Cooper*, 130 Wash. 2d 770, 775-76 (1996)).

8.1.6  In 2014, Washington State partially retroceded jurisdiction it had assumed under Public Law 280 back to the Yakama Nation, but expressly stated that "[o]utside the exterior boundaries of the Yakama Reservation, the

ANSWER– Page 9

1
2
3
4
5

State does not retrocede jurisdiction. The State shall retain all jurisdiction it assumed pursuant to RCW 37.12.010 in 1963 over the Yakama Nation's Indian country outside the Yakama Reservation." Gubernatorial Retrocession Proclamation 14-01, *available at* https://www.governor.wa.gov/sites/default/files/proclamations/proc_14-01.pdf.

6
7
8

8.1.7 Thus, the State retained the full civil and criminal state jurisdiction over off-reservation allotments that it had assumed under Public Law 280.

9
10
11
12
13

8.1.8 The lands on which Yakama members were selling fireworks are alleged to be trust allotments outside the boundaries of the Yakama reservation. To date, Plaintiffs have provided no evidence that the properties in question are considered trust allotments as defined by the federal government.

14
15
16
17
18

8.1.9 The Washington State fireworks law, codified at RCW Chapter 70.77, is a criminal/prohibitory law. *See United States v. Marcyes*, 557 F.2d 1361, 1364 (9th Cir. 1977) ("Washington's fireworks law is a prohibitory rather than a regulatory law"); *Brown v. City of Yakima*, 116 Wash. 2d 556, 563 (1991) (same).

19
20
21
22

8.1.10 Allotted or trust lands are not excluded from the state's full assumption of criminal jurisdiction "unless they are 'within an established Indian reservation.'" *Id.* (quoting RCW 37.12.010); *see also United States v. Approximately One Million Seven Hundred Eighty Four Thousand*

23

ANSWER– Page 10

*(1,784,000) Contraband Cigarettes*, No. C12-5992 BHS, 2016 WL 7387094, at *5 (W.D. Wash. Dec. 21, 2016) (reaching same result).

8.1.11 Although the legislature passed a provision in 1995 stating that the fireworks law was regulatory rather than prohibitory (RCW 70.77.111), the amendments to the law did not remove the public safety policy behind the law and criminal provisions in the law were left intact (*see* RCW §§ 70.77.510, .515, .517, .520, and .540), nor does the legislative history contain any mention of tribes or tribal lands. The statement in RCW 70.77.111 that the law is regulatory is directly contradicted by RCW 70.77.545, which recognizes the overall criminal character of the chapter by stating that "[t]he inclusion in this chapter of criminal penalties does not preclude enforcement of this chapter through civil means."

8.1.12 The general prohibitory tenor of the fireworks law coupled with its continued purpose to protect the "general welfare of [state] citizens" is left largely unchanged by the 1995 amendment, leaving the bases upon which the Ninth Circuit in *Marcyes* concluded that the law was prohibitory still valid and controlling. *See Marcyes*, 557 F.2d at 1364-65.

8.1.13 Even if the law were considered to be regulatory, the County would still have jurisdiction to enforce it on trust allotments off-reservation.

## 8.2   Affirmative Defenses.

8.2.1  Yakama Nation fails to state a claim upon which relief can be granted.

ANSWER– Page 11

1

2    8.2.2   Yakama Nation has failed to join necessary and/or indispensable

3    parties, including other governmental entities that exercise criminal

4    jurisdiction over enrolled Yakama Members as authorized by Public Law 280,

5    RCW 37.12.010, and Governor's Proclamation 14-01.

**8.3    Prayer for Relief.**

6          WHEREFORE, Defendants pray for the following relief:

7          1. That Yakama Nation's Complaint for Declaratory and Injunctive

8    Relief be dismissed with prejudice.

9          2. That Defendants be allowed their statutory and reasonable attorney's

10   fees and costs.

11         3. That the Court award Defendants such other and further relief as the

12   Court deems just and proper.

13         DATED this 16th day of August, 2018.

14
                              /S/ David R. Quesnel
15                            DAVID R. QUESNEL, WSBA#38579
                              Klickitat County Prosecuting Attorney
16

17

18

19

20

21

22

23

ANSWER– Page 12

1

## AFFIDAVIT OF SERVICE

2

3    I, Jessica Schiebel, declare under penalty of perjury under the laws of the

4    State of Washington that on the 16ʰ day of August, 2018, I served a copy of

5    the following documents as set forth below:

6

7        Yakama Nation
         Office of Legal Counsel
         P.O. Box 150
8        Toppenish, WA 98948

9    by means of: [X] USPS First Class Mail

10   [X] OTHER:
         Answer (12 pages)

11   DATED this 16th day of August, 2018.

12                                    /S/ Jessica Schiebel

13                                    Jessica Schiebel
                                      Legal Administrative Assistant
14

15

16

17

18

19

20

21

22

23