
David Quesnel, WSBA No. 38579
Rebecca Sells, WSBA No. 48192
Klickitat County Prosecuting Attorney's Office
205 S. Columbus Avenue, Room 106
Goldendale, WA 98620
(509)773-5838
davidq@klickitatcounty.org
rebeccas@klickitatcounty.org

**UNITED STATES DISTRICT COURT OF**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION,<br><br>            Plaintiff,<br>v.<br><br>KLICKITAT COUNTY; KLICKITAT COUNTY SHERIFF'S OFFICE; BOB SONGER; KLICKITAT COUNTY DEPARTMENT OF THE PROSECUTING ATTORNEY; and DAVID QUESNEL<br>            Defendants. | NO. 1:18-CV-03110-TOR<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

DEFENDANTS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT– Page 1

KLICKITAT COUNTY PROSECUTOR
205 S. Columbus Avenue
Room 106
Goldendale, WA 98620
(509)773-5838 • Fax (509)773-6696

# I. INTRODUCTION

Defendants have jurisdiction to enforce State of Washington fireworks laws against Yakama Nation members on trust allotments outside of the Yakama Reservation. The Washington State Legislature's amendment to the fireworks chapter to label it as "regulatory" in nature did not change the prohibitory nature of the specific statutes that gave rise to this case, and thus they remain subject to state jurisdiction under Pub. L. 83-280. Even if the Washington fireworks laws were deemed to be civil/regulatory for purposes of Public Law 83-280 and RCW 37.12, the state would still have authority to enforce the statutes at issue here under the circumstances of this case. Under United States Supreme Court precedent the state has inherent authority to regulate tribal members' conduct within Indian country that has significant impacts outside Indian country, such as the sale of dangerous fireworks to non-Indians from off-reservation Yakama trust allotments in Klickitat County. For these reasons Plaintiff's motion for summary judgment should be denied.

# II. STANDARD ON SUMMARY JUDGMENT

Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); Fed. R. Civ. P. 56(a). If the non-movant is entitled to judgment as a matter of law, the court may grant summary judgment to the non-movant. Fed. R. Civ. P. 56(f).

# III. Argument

**A. Plaintiff Is Not Entitled To Judgment As A Matter Of Law.**

DEFENDANTS' RESPONSE TO MOTION FOR
SUMMARY JUDGMENT– Page 2

KLICKITAT COUNTY PROSECUTOR
205 S. Columbus Avenue
Room 106
Goldendale, WA 98620
(509)773-5838 • Fax (509)773-6696

**1. The legislature has maintained the prohibitory nature of the fireworks statutes that gave rise to this case.**

Plaintiff offers an overly simplistic view of Washington fireworks statutes and relevant case law. According to Plaintiff, the following statement by the legislature makes all of RCW 70.77 *per se* "civil/regulatory" for purposes of Public Law 280:

> The legislature declares that fireworks, when purchased and used in compliance with the laws of the state of Washington, are legal. The legislature intends that this chapter is regulatory only, and not prohibitory.

1995 Wash. Sess. Laws p. 239, ch. 61, § 1 (codified at RCW 70.77.111). But the cases Plaintiff cites show that the legislature's label is not the end of the inquiry. Instead, "The applicable state laws governing an activity must be examined in detail before they can be characterized as regulatory or prohibitory." *California v. Cabazon Band of Mission Indians*, 480 U.S. 202, 211 n.10 (1986). The inquiry is "one of the statute's intent and not simply its label." *Quechan Indian Tribe v. McMullen*, 984 F.2d 304, 307 (9th Cir. 1992) (California law prohibiting sale of dangerous fireworks was criminal/prohibitory despite its codification as a civil enactment). In Washington, "[d]eclarations of intent," such as the one in RCW 70.77.111, "are not controlling," though they may provide guidance. *State v. Reis*, 183 Wn.2d 197, 212 (2015). They do not control this Court's analysis because the

DEFENDANTS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT– Page 3

KLICKITAT COUNTY PROSECUTOR
205 S. Columbus Avenue
Room 106
Goldendale, WA 98620
(509)773-5838 • Fax (509)773-6696

"characterization of a state law as 'criminal' or 'civil' for purposes of [Public Law 280] is a question of federal law." *Burgess v. Watters*, 467 F.3d 676, 684 (7th Cir. 2006). The court must focus on "the specific statute at issue," not the "larger regulatory scheme" in which it is found. *United States v. Dotson*, 615 F.3d 1162, 1168-69 (9th Cir. 2010) (prohibition against furnishing alcohol to minor was prohibitory). To determine whether a statute is criminal/prohibitory, "The shorthand test is whether the conduct at issue violates the State's public policy." *Cabazon*, 480 U.S. at 209; *see Dotson*, 615 F.3d at 1169-70.

The specific statutes that gave rise to this case are RCW 70.77.401, .540, .435, .515, and .395. ECF No. 21-1 at 15; ECF No. 3-1 at 6. A decision on Plaintiff's motion thus requires an examination of the nature of those specific statutes.

Much like the laws at issue in *Quechan*, RCW 70.77.401 prohibits the sale of certain fireworks to the public, such as sky rockets, at all times. In one form or another, Washington law has prohibited retail sale of these items to the general public since the 1940s. *See* 1943 Wash. Sess. Laws pp. 524 (ch. 161, §§ 1, 2) (prohibiting sale of "sky-rockets" and firecrackers, among other

DEFENDANTS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT– Page 4

KLICKITAT COUNTY PROSECUTOR
205 S. Columbus Avenue
Room 106
Goldendale, WA 98620
(509)773-5838 • Fax (509)773-6696

things).[1] Violation of RCW 70.77.401 is a misdemeanor under RCW 70.77.540. Fireworks sold in violation of RCW 77.77.401 are subject to seizure under RCW 70.77.435, a quasi-criminal process. *See Boyd v. United States*, 116 U.S. 616, 634 (1886). RCW 70.77.485 links with RCW 70.77.401 by making possession of prohibited fireworks a misdemeanor or gross misdemeanor. The underlying policy is that "[t]he control of dangerous fireworks is for the obvious protection of the public, and any violation of such controlling measure is against the public policy of promoting the health and safety of this state's citizens." *Red Devil Fireworks Co. v. Siddle*, 32 Wn. App. 521, 525 (1982).

RCW 70.77.401 is similar to the law that was at issue in *Dotson*. In that case, defendants were charged under the Assimilative Crimes Act with furnishing liquor to minors in violation of RCW 66.44.270. Defendants argued that Washington liquor laws are regulatory and not enforceable under the ACA because they allow widespread sale and consumption of liquor under state regulation. The Ninth Circuit rejected that broad approach and focused on the specific statute at issue, finding it to be prohibitory because "the conduct at issue—the furnishing of alcohol to minors—is flatly prohibited and

---

[1] Washington session laws are available on the Legislature's website at http://leg.wa.gov/CodeReviser/Pages/session_laws.aspx.

DEFENDANTS' RESPONSE TO MOTION FOR
SUMMARY JUDGMENT– Page 5

KLICKITAT COUNTY PROSECUTOR
205 S. Columbus Avenue
Room 106
Goldendale, WA 98620
(509)773-5838 • Fax (509)773-6696

criminally penalized." *See also State v. Lasley*, 705 N.W.2d 481 (Iowa 2005) (statute prohibiting sale of cigarettes to minors was criminal/prohibitory under tribe-specific statute similar to Public Law 280). The same is true here. Under RCW 70.77.401, the sale of certain types of fireworks is flatly prohibited and criminally penalized under RCW 70.77.540. It is a prohibitory law enforceable under Public Law 280 and RCW 37.12.010 and .030.

RCW 70.77.515, amended in 2002, after the "regulatory" label was added, makes it a gross misdemeanor to sell fireworks without a license or to persons under the age of sixteen. Persons who sell fireworks at retail must obtain a license under RCW 70.77.315. Applicants for local permits must demonstrate that they have liability insurance. RCW 70.77.270(3). Licensees must comply with the safety conditions in WAC 212-17-21505 through -21519 to maintain eligibility. *See* RCW 70.77.375. The obvious policy behind these requirements is to protect the public from injury and fire hazards associated with fireworks.

RCW 70.77.515 is similar to the law that was at issue in *United States v. Clark*, 195 F.3d 446 (9th Cir. 1999). In that case, defendant was charged under the Assimilative Crimes Act with practicing law without a license in violation of a California statute. Defendant argued that attorney licensing laws are regulatory and not enforceable under the ACA because they are part of a

DEFENDANTS' RESPONSE TO MOTION FOR
SUMMARY JUDGMENT– Page 6

KLICKITAT COUNTY PROSECUTOR
205 S. Columbus Avenue
Room 106
Goldendale, WA 98620
(509)773-5838 • Fax (509)773-6696

larger regulatory scheme. The Ninth Circuit rejected that broad approach and focused on the specific statute at issue, finding it to be prohibitory because it protected the public from inadequate representation. *Clark*, 195 F.3d at 449-50. The same is true here. RCW 70.77.515 protects the public from dangerous conditions associated with the sale of fireworks. It is a prohibitory law enforceable under Public Law 280 and RCW 37.12.010 and .030.

Finally, RCW 70.77.395 allows the sale of fireworks only during limited time periods. Violation of RCW 70.77.395 is a misdemeanor under RCW 70.77.540. Again, the statute protects the public from dangerous conditions associated with fireworks. It is a prohibitory law enforceable under Public Law 280 and RCW 37.12.010 and .030.

In *United States v. Marcyes*, 557 F.2d 1361 (9th Cir. 1977) the court addressed RCW 70.77.485, .540, and .130,[2] concluding "that Washington's fireworks law is a prohibitory rather than a regulatory law." 557 F.2d at 1364; *see Cabazon*, 480 U.S. at 211 n.10. The Court noted that while the Washington statutes allowed for possession according to statute, the "intent is to prohibit the general possession and/or sale of dangerous fireworks and is not primarily a licensing law." Since 1977, the Washington fireworks Chapter has been amended, but the overall prohibitory nature of the laws here at issue

---

[2] RCW 70.77.130 was repealed in 1982.

DEFENDANTS' RESPONSE TO MOTION FOR
SUMMARY JUDGMENT– Page 7

remains the same. The 1995 legislation that added the "regulatory" label did not repeal any of the criminal penalties in RCW 70.77 or decriminalize any of its prohibitions. *See* 1995 Wash. Sess. Laws pp. 239-248 (ch. 61). That makes the fireworks laws at issue in this case unlike the traffic infractions at issue in *Confederated Tribes of the Colville Reservation v. Washington*, 938 F.2d 146 (9th Cir. 1991). Just as in 1977, while the statutes provide for limited exceptions to possess fireworks, the general intent is to prohibit the possession and sale. The "regulatory" label in RCW 70.77.111 does not change the fundamental prohibitory nature of the laws at issue here.

Plaintiff's argument that the "regulatory" label in RCW 70.77.111 decides this case is similar to the one made by the defendant in *State v. Yallup*, 160 Wn. App. 500 (2011). In that case, defendant, a Yakama tribal member, was charged with felony DUI after an accident within the Yakama Reservation. He argued that, because driving is legal, driving-related laws, including the state's implied consent statute, were civil/regulatory and could not be enforced against him. Applying an analysis similar to the one the Ninth Circuit used in *Dotson* and *Clark*, the court rejected "the level of generality" of defendant's argument, holding that the implied consent statute had to be examined on its own merits. 160 Wn. App. at 507. The court determined "[t]he clear focus of the implied consent statute is gathering evidence for

DEFENDANTS' RESPONSE TO MOTION FOR
SUMMARY JUDGMENT– Page 8

KLICKITAT COUNTY PROSECUTOR
205 S. Columbus Avenue
Room 106
Goldendale, WA 98620
(509)773-5838 • Fax (509)773-6696

prosecuting criminal cases of suspected impaired driving." *Id.* at 508. *See also St. Germaine v. Circuit Court*, 938 F.2d 75 (7th Cir. 1991) (statute prohibiting driving while license suspended was prohibitory under Public Law 280). Here, the clear focus of the laws that Plaintiff seeks to enjoin is to prohibit the sale of fireworks except in limited circumstances, placing the statutes in the criminal/prohibitory category.

**2. The State has full Public Law 280 jurisdiction on off-reservation Yakama trust allotments.**

The State of Washington has criminal jurisdiction to the full extent permitted by Public Law 280 on off-reservation Yakama trust land. Though the State has retroceded some Public Law 280 jurisdiction within the Yakama Reservation, it has not retroceded any jurisdiction outside the Yakama reservation. *See* Governor's Proclamation 14-01 ¶ 5 (reprinted in *State v. Zack*, 2 Wn. App. 2d 667, 679, *review denied*, 191 Wn.2d 1011 (2018). Therefore, the State has full criminal jurisdiction over off-reservation Yakama trust lands per RCW 37.12.010. *See State v. Comenout*, 173 Wn.2d 235, 267 P.2d 355 (2011). In this case, where the statutes are prohibitory, Klickitat County maintains jurisdiction to enforce the laws within the trust land in question.

**3. Even if the law were deemed civil-regulatory, the State can regulate the sale of fireworks under its inherent authority.**

DEFENDANTS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT– Page 9

KLICKITAT COUNTY PROSECUTOR
205 S. Columbus Avenue
Room 106
Goldendale, WA 98620
(509)773-5838 • Fax (509)773-6696

Washington fireworks laws are criminal/prohibitory for purposes of Public Law 83-280 and RCW 37.12. But even if they were civil/regulatory, that would not foreclose state authority to regulate Yakama Indians who sell dangerous fireworks to non-Indians from off-reservation Yakama trust allotments in Klickitat County. Public Law 280 is not the only source of state authority in Indian country, and it says nothing about enforcement of state civil/regulatory laws. *People ex rel. Becerra v. Rose*, 16 Cal. App. 5th 317, 325 (2017).

Regardless of whether Public Law 280 applies, when "state interests outside the reservation are implicated, States may regulate the activities even of tribe members on tribal land." *Nevada v. Hicks*, 533 U.S. 353, 362 (2001); *see Cabazon*, 489 U.S. at 215 ("in exceptional circumstances a State may assert jurisdiction over the on-reservation activities of tribal members") (quoting *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324, 331-32 (1983)); *State v. Jones*, 729 N.W.2d 1, 12-15 (Minn. 2007) (Anderson, J., concurring; "exceptional circumstances" permitted enforcement of state predatory-offender registration statute).

The State's interest will be particularly substantial if the conduct it seeks to regulate will have a significant impact outside Indian country. *See Hicks*, 533 U.S. at 362; *Cabazon*, 489 U.S. at 215-16; *Mescalero Apache*, 462

DEFENDANTS' RESPONSE TO MOTION FOR
SUMMARY JUDGMENT– Page 10

KLICKITAT COUNTY PROSECUTOR
205 S. Columbus Avenue
Room 106
Goldendale, WA 98620
(509)773-5838 • Fax (509)773-6696

U.S. at 336. For example, Washington may require Yakama members to collect and remit state cigarette taxes from non-Indian customers who travel to the reservation to purchase cigarettes from tribal smokeshops. *Washington v. Confederated Tribes of the Colville Indian Reservation*, 447 U.S. 134, 159 (1980); *Confederated Tribes & Bands of the Yakama Nation v. Gregoire*, 680 F. Supp. 2d 1258 (E.D. Wash. 2010), *aff'd*, 658 F.3d 1078 (9th Cir. 2011).

In this case, it is undisputed that illegal fireworks, such as those sold to non-Yakamas from off-reservation Yakama trust allotments in Klickitat County, have a significant public safety impact outside Indian country. *See* Declaration of Klickitat County Sheriff Bob Songer in Opposition to Plaintiff's Motion for Summary Judgment, filed on the same day as this Response. The Yakama Nation's own code recognizes that certain types of fireworks sold under Yakama Nation permit are "dangerous." Revised Yakama Nation Law & Order Code § 50.54.01 (2009). Some of these "dangerous" fireworks are so dangerous that their sale is prohibited under state law. RCW 70.77.401. The off-reservation allotments from which these dangerous materials are sold are in places such as the towns of Bingen and White Salmon, in the Columbia River Gorge. ECF No. 21-3 at 16, 21. As described in the previously-filed Declaration of Klickitat County Sheriff Bob Songer (ECF No. 8-1), wildfires caused by illegal fireworks have caused

DEFENDANTS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT– Page 11

KLICKITAT COUNTY PROSECUTOR
205 S. Columbus Avenue
Room 106
Goldendale, WA 98620
(509)773-5838 • Fax (509)773-6696

significant damage to natural resources and state infrastructure in the Columbia River Gorge near Klickitat County. The sale and distribution of state-prohibited fireworks from off-reservation trust allotments in Klickitat County endangers the lives of people and wildlife in Klickitat County – the grave implications of illegal use of fireworks have already been seen in the region. *Id.* ¶ 9. If the State can require Yakama smokeshops within the Yakama Reservation to collect and remit state cigarette taxes on sales to non-Yakamas, surely it can protect everyone in Klickitat County by requiring Yakama fireworks stands on off-reservation Yakama trust allotments to comply with state fireworks laws. These laws include the right to limit the time in which the fireworks are sold and used and the type of fireworks marketed.

Plaintiff asserts that it regulates its members' sale of fireworks on off-reservation trust allotments, ECF No. 1 ¶ 5.4, but it provides no evidence about any such regulations. Plaintiff's evidence does show that its Department of Revenue issues permits for the operation of fireworks stands and collects a $200 fee from applicants. ECF No. 21-2. The application forms request permission to sell "Class C" fireworks, but Plaintiff has not explained what those are. ECF No. 21-2 at 6, 8, 10, 12, 14. The application forms and permits state that the applicant's business is subject to Yakama Nation Law & Order

DEFENDANTS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT– Page 12

KLICKITAT COUNTY PROSECUTOR
205 S. Columbus Avenue
Room 106
Goldendale, WA 98620
(509)773-5838 • Fax (509)773-6696

Code §50.53, Law & Order Committee Actions 93-2016-9 and 069-2015, and Tribal Council Resolution T-118-94, but Plaintiff has not provided copies of any of these documents to the court. ECF No. 21-2 at 5-14. The publicly available 2009 version of Yakama Nation Law & Order Code chapter 50.53 is entitled "State Fireworks Law," and it contains one section, 50.53.01, regarding removal of vehicles unlawfully used to transport or store fireworks. The permits also state that the permittee has completed mandatory safety training, but Plaintiff has provided no evidence of what that is. ECF No. 21-2 at 5, 7, 9, 11, 13. Plaintiff's evidence does not demonstrate that public safety will be protected without enforcement of state fireworks laws.

Federal interests are consistent with those of the state. Illegal fireworks have damaged federal land in Klickitat County. Decl. Songer Opp'n Pl.'s Mot. Summ. J. ¶ 10. Federal regulations governing Yakama members' use of Columbia River Treaty Fishing Access Sites in Klickitat County prohibit all fireworks sales at the sites. 25 C.F.R. § 247.19(b).

### III. CONCLUSION

Defendants respectfully requests that the Court deny Plaintiff's Motion for Summary Judgment as the Plaintiff is not entitled to judgment as a matter of law. Defendant respectfully requests that the Court grant summary

DEFENDANTS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT– Page 13

KLICKITAT COUNTY PROSECUTOR
205 S. Columbus Avenue
Room 106
Goldendale, WA 98620
(509)773-5838 • Fax (509)773-6696

1 | judgment to the Defendants based on the foregoing arguments, pursuant to
2 | Fed. R. Civ. P. 56(f).

DATED this 25th day of March, 2019.

*[signature]*

REBECCA SELLS, WSBA#48192
Klickitat County Deputy Prosecuting Attorney

DEFENDANTS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT– Page 14

KLICKITAT COUNTY PROSECUTOR
205 S. Columbus Avenue
Room 106
Goldendale, WA 98620
(509)773-5838 • Fax (509)773-6696

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2019, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing ("NEF") to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. All parties are registered users of the CM/ECF system.

DATED this 25th day of March, 2019.

_/s/ Rebecca Sells_
REBECCA SELLS, WSBA#48192
Klickitat County Deputy Prosecuting Attorney