UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, a sovereign federally recognized Native Nation,<br><br>     Plaintiff,<br><br> v.<br><br>KLICKITAT COUNTY, a political subdivision of the State of Washington; KLICKITAT COUNTY SHERIFF'S OFFICE, an agency of Klickitat County; BOB SONGER, in his official capacity; KLICKITAT COUNTY DEPARTMENT OF THE PROSECUTING ATTORNEY, an agency of Klickitat County; and DAVID QUESNEL, in his official capacity,<br><br>     Defendants. | NO. 1:18-CV-3110-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

  BEFORE THE COURT is Plaintiff's Motion for Summary Judgment (ECF No. 21).  This matter was heard without oral argument.  The Court has reviewed

the record and files therein, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

This is an action for declaratory and injunctive relief by Plaintiff Confederated Tribes and Bands of the Yakama Nation against several Klickitat County entities and officials, including Klickitat County, Klickitat County Sheriff's Office, Klickitat County Sheriff Bob Singer, Klickitat County Department of the Prosecuting Attorney, and Prosecuting Attorney David Quesnel (collectively "Defendants"). ECF No. 1. On June 27, 2018, Plaintiff filed a Complaint against Defendants, alleging a violation of the Treaty of 1855 arising from "Defendants' *ultra vires* attempts to (a) regulate the sale of fireworks by Yakama Tribal Members on Yakama trust property under [RCW] 70.77 *et seq*., and (b) enforce such regulations by threatening to take enforcement and prosecutorial action against Yakama Members who were lawfully selling fireworks on Yakama trust property pursuant to Yakama Nation-issued firework permits." *Id.* at ¶¶ 1.1, 6. The dispute between the parties concerns the jurisdiction of Defendants to enforce Washington's fireworks laws, RCW 70.77 *et seq*., on tribal lands.

On June 27, 2018, Plaintiff filed a motion for a temporary restraining order ("TRO") and preliminary injunction. ECF No. 3. On June 28, 2018, Defendant

David Quesnel filed a Notice of Appearance on behalf of all Defendants and an opposition to the TRO. ECF Nos. 5, 8. On June 28, 2018, after a telephonic hearing, the Court granted Plaintiff's motion for a TRO but denied the motion for a preliminary injunction. ECF No. 10. Pursuant to this Court's Order, Defendants were temporarily enjoined from:

> taking any action to enforce Chapter 70.77 of the Revised Code of Washington against Members of the Yakama Nation within the boundaries of the Yakama Reservation, upon Tribal Trust Property, and upon Tribal Trust Allotments whether or not they are located within the Reservation, including arresting, detaining, or prosecuting any Member of the Yakama Nation for the possession or sale of fireworks or seizing or confiscating any fireworks or other possessions of any Member of the Yakama Nation conducting the sale of fireworks.

*Id*. at 14.

On March 5, 2019, Plaintiff filed the instant motion for summary judgment, seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202. ECF No. 21. Specifically, Plaintiff seeks (1) a declaratory judgment that Defendants do not have civil/regulatory jurisdiction to enforce RCW 70.77 *et seq.* against enrolled Yakama Members on trust allotments outside the Yakama Reservation, and (2) a permanent injunction enjoining Defendants from exercising civil/regulatory jurisdiction over enrolled Yakama Members selling fireworks on trust allotments outside the Yakama Reservation. *Id*. at 4. Defendants responded

to Plaintiff's motion on March 25, 2019.  ECF No. 23.  Defendants seek summary judgment in their favor.  *See id.* at 13-14.

## FACTS

The following facts are drawn from Plaintiff's Complaint (ECF No. 1) and Statement of Material Facts (ECF No. 22), and are accepted as true for purposes of the instant motion. [1]  The Yakama Nation is a federally recognized Indian Tribe with inherent sovereign and Treaty-reserved rights pursuant to the Treaty of 1855, 12 Stat. 951 (1859).  ECF No. 1 at ¶ 5.1.  Under the Treaty of 1855, the Yakama Nation reserved its inherent sovereign jurisdiction over its enrolled Members and its land both within and beyond the exterior boundaries of the Yakama Reservation, including off-Reservation trust allotments ("Yakama Trust Allotments") held by the United States on behalf of Yakama Nation and Yakama Members.  *Id.* at ¶¶ 5.1-5.2.  The Yakama Nation exercises civil regulatory jurisdiction over its Members' actions and over actions taken on Yakama Trust Allotments.  *Id.* at ¶ 5.3.

In regards to fireworks, Yakama Nation has adopted and enforces Yakama laws, regulations, and a permitting regime to regulate Yakama Members' retail sale

---

[1]    Defendants concede that there are no material facts in dispute in this case. *See* ECF No. 23-1.

of fireworks within the Yakama Reservation and on Yakama Trust Allotments. *Id.* at ¶ 5.4. In the instant case, Yakama Nation issued firework permits to five Yakama Members—Bernice Jim, Emily Charpentier, Selina Beard, Victoria Jim, and Nora Kahclamat—authorizing the retail sale of fireworks on specified Yakama Trust Allotments outside the exterior boundaries of the Yakama Reservation. ECF No. 22 at 4, ¶ 3. The permits were valid from June 11, 2018 through July 5, 2018. *Id.*

On June 26, 2018, Defendant Sheriff Bob Songer issued "cease and desist" notices to the five Yakama Members selling fireworks on Yakama Trust Allotments, citing RCW 70.77 *et seq.* ECF No. 1 at ¶ 5.6. The "cease and desist" notices stated, in part, that "[i]t has come to my attention that the sale and transfer of fireworks in violation of state law, RCW 70.77 et al., may be occurring at this site." ECF No. 22 at 2-4, ¶¶ 4-8.

On the morning of June 27, 2018, Yakama Nation's legal counsel unsuccessfully attempted to contact Defendant Songer by calling the Klickitat County Sheriff's Office to request that he not take improper *ultra vires* regulatory or enforcement action against Yakama Members selling fireworks on Yakama Trust Allotments. ECF No. 1 at ¶ 5.9. Yakama Nation then received a phone call from Defendant Prosecuting Attorney David Quesnel who refused Yakama Nation legal counsel's request for an immediate in person meeting in Goldendale,

Washington. *Id.* at ¶ 5.10. Plaintiff alleges that Defendant Quesnel stated that the County intends to continue its regulatory and enforcement efforts against Yakama Members selling fireworks on Yakama Trust Allotments despite the Yakama Nation's objections. *Id.*

On June 27, 2018, Yakama Nation's legal counsel transmitted a letter to Defendant Quesnel demanding that he immediately work with Defendant Songer to stop any and all harassment of Yakama Members engaged in the lawful sale of fireworks on Yakama Trust Allotments. *Id.* at ¶ 5.11.

Plaintiff asserts that Washington's Fireworks Regulations include an express statement of legislative intent that the regulations are intended to be "regulatory only, and not prohibitory." ECF No. 1 at ¶ 5.7; RCW § 70.77.111. Plaintiff argues that the United States has not authorized Defendants to exercise civil regulatory jurisdiction over Yakama Members on Yakama Trust Allotments. ECF No. 1 at ¶ 5.8. Plaintiff alleges that Defendants threaten to arrest Yakama Members and seize Yakama Member-owned personal property in violation of the Yakama Nation's inherent sovereign and Treaty-reserved rights and jurisdiction, posing an imminent threat of harm to the Yakama Nation and its Members. *Id.* at ¶ 5.12.

## DISCUSSION

Summary judgment may be granted to a moving party who demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier-of-fact] could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id*. at 248. A dispute concerning any such fact is "genuine" only where the evidence is such that the trier-of-fact could find in favor of the non-moving party. *Id*. "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks omitted); *see also First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968) (holding that a party is only entitled to proceed to trial if it presents sufficient, probative evidence supporting the claimed factual dispute, rather than resting on mere allegations). Moreover, "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment."

*Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  In ruling

upon a summary judgment motion, a court must construe the facts, as well as all

rational inferences therefrom, in the light most favorable to the non-moving party,

*Scott v. Harris*, 550 U.S. 372, 378 (2007), and only evidence which would be

admissible at trial may be considered, *Orr v. Bank of Am., NT & SA*, 285 F.3d 764,

773 (9th Cir. 2002).

**A. Enforcement of Washington's Fireworks Laws in Indian Country**

The primary issue in this case is whether Defendants may enforce

Washington's fireworks laws, RCW 70.77 *et seq*., against Yakama Members on

the Yakama Reservation and Yakama Trust Allotments.  Defendants contend they

have jurisdiction to enforce Washington's fireworks laws against enrolled Yakama

Members on tribal lands under (1) Public Law 280 or, alternatively, (2) the State's

inherent authority to regulate tribal members' activities within Indian Country

when those activities have significant impacts outside Indian Country.  ECF No. 23

at 2.  Plaintiff disagrees, arguing that Defendants lack jurisdiction to enforce

Washington's fireworks laws on the Yakama Reservation and Yakama Trust

Allotments based on the rights reserved by the Yakama Nation in the Treaty of

1855, the limited scope of civil jurisdiction offered to the State of Washington in

Public Law 280, and the Washington State Legislature's express designation of

state fireworks laws as civil/regulatory in nature.  ECF No. 21 at 4.

In the Court's view, resolution of this case hinges on one central question—should Washington's fireworks laws be classified as criminal/prohibitory or civil/regulatory?  For reasons discussed below, the Court concludes that Washington's fireworks laws are civil/regulatory rather than criminal/prohibitory and, therefore, Defendants are without jurisdiction to enforce them against Yakama Members on the Yakama Reservation and off-reservation trust allotments.

### 1.  Washington State Jurisdiction over Indian Country

"Historically, the power to legislate in both criminal and civil matters concerning Indians and their acts and conduct upon their reservations lay exclusively with the Congress and the tribes themselves."  *Confed. Tribes of the Colville Reservation v. Washington*, 938 F.2d 146, 147 (9th Cir. 1991).  However, in 1953, Congress enacted Public Law 280 (Pub. L. No. 83-280, 67 Stat. 588 (1953)), which required some states and authorized others to assume criminal and civil jurisdiction in Indian Country within a state's borders.  *Washington v. Confed. Bands and Tribes of Yakima Indian Nation*, 439 U.S. 463, 471-72 (1979).  In 1963, Washington passed legislation allowing the State to assume civil and criminal jurisdiction pursuant to Public Law 280 over "Indians and Indian territory, reservations, country, and lands within this state," with certain limited exceptions.  *Id*. at 475; *see* RCW 37.12.010.

Significantly, Congress's grant of criminal and civil jurisdiction in Public Law 280 was not coequal. While Congress delegated to the states broad powers over criminal matters, granting states the right to extend their criminal jurisdiction over offenses committed on tribal lands, Congress's "grant of civil jurisdiction was more limited." *California v. Cabazon Band of Indians*, 480 U.S. 202, 207 (1987). While Public Law 280 grants states "jurisdiction over private civil litigation involving reservation Indians in state court," it does not "grant general civil regulatory authority." *Id.* at 208; *see* Pub. L. 83-280, § 4, 28 U.S.C. § 1360. Therefore, "when a State seeks to enforce a law within an Indian reservation under the authority of [Public Law 280], it must be determined whether the law is criminal in nature, and thus fully applicable to the reservation . . . , or civil in nature, and applicable only as it may be relevant to private civil litigation in state court." *Cabazon*, 480 U.S. at 208. If the state law is classified as criminal/prohibitory, the state possesses jurisdiction to enforce the law in Indian Country; however, if the law is deemed civil/regulatory, the law may not be imposed on tribal lands. Doubts concerning the characterization of a law as civil/regulatory or criminal/prohibitory should be resolved in favor of the Indians to "protect[] Indian sovereignty from state interference." *Colville Reservation*, 938 F.2d at 149.

In *Cabazon*, the Supreme Court outlined the test courts apply today to determine whether a particular law is civil/regulatory or criminal/prohibitory. 480 U.S. at 209. Focusing on the intent of the state law and the state's public policy, the *Cabazon* court described the civil/regulatory and criminal/prohibitory distinction as follows:

> [I]f the intent of a state law is generally to prohibit certain conduct, it falls within [Public Law 280's] grant of criminal jurisdiction, but if the state law generally permits the conduct at issue, subject to regulation, it must be classified as civil/regulatory and [Public Law 280] does not authorize its enforcement on an Indian reservation. The shorthand test is whether the conduct at issue violates the State's public policy.

*Id*. The *Cabazon* court emphasized that a law is not criminal/prohibitory simply because the law is enforceable by criminal as well as civil means. *Id*. at 211 ("[T]hat an otherwise regulatory law is enforceable by criminal as well as civil means does not necessarily convert it into a criminal law within the meaning of Pub. L. 280."). Thus, to characterize a particular law as either civil/regulatory or criminal/prohibitory, courts look to the nature of the activity and the overall legal context governing the activity. *Colville Reservation*, 938 F.2d at 148-49.

### 2. Washington's Fireworks Laws are Civil/Regulatory

Washington's fireworks laws are codified in Chapter 70.77 of the Revised Code of Washington. *See* RCW 70.77 *et seq*. Plaintiff contends that the fireworks laws are civil/regulatory, and therefore not enforceable on Yakama trust

allotments, because the Washington Legislature explicitly declared that the State's fireworks are only regulatory in nature. ECF No. 21 at 7; *see* RCW 70.77.111. Moreover, Plaintiff argues that while RCW 70.77 includes some criminal sanctions, that does not automatically make Washington's firework laws criminal/prohibitory within the meaning of Public Law 280. *Id*. at 7-8. In response, Defendants argue that the "regulatory" label in RCW 70.77.111 is insufficient to transform an otherwise prohibitory law into a law that is regulatory in nature. ECF No. 23 at 8. According to Defendants, "the clear focus of the laws that Plaintiff seeks to enjoin is to prohibit the sale of fireworks except in limited circumstances, placing the statutes in the criminal/prohibitory category." *Id*. at 9.

Based on the inquiry prescribed in *Cabazon*, the Court agrees with Plaintiff that Washington's fireworks laws are properly characterized as civil/regulatory rather than criminal/prohibitory. The statutory history of Washington's fireworks laws supports Plaintiff's position that Washington law and public policy do not generally condemn the use and sale of fireworks but rather permit fireworks subject to regulation. Although the use and sale of fireworks was originally prohibited in Washington with limited exceptions, RCW 70.77 has since been amended to permit the *legal* sale, purchase, and use of fireworks in Washington State. Perhaps most significantly, in 1995, the Washington Legislature added the following section to the fireworks regulations:

The legislature declares that fireworks, when purchased and used in compliance with the laws of the state of Washington, are legal. The legislature intends that this chapter is regulatory only, and not prohibitory.

RCW 70.77.111. In light of the 1995 amendment, the intent of Washington's fireworks law could not be clearer: to permit the use and sale of fireworks, subject to regulation.

Defendants seek to sidestep the Washington Legislature's explicit statement of legislative intent, arguing that "the 'regulatory' label in RCW 70.77.111 does not change the fundamental prohibitory nature of the laws at issue here." ECF No. 23 at 8. To support their preferred interpretation of Washington's fireworks law as criminal/prohibitory, Defendants note that the fireworks law prohibits the sale of certain fireworks to the public and permits the use of fireworks only during limited time periods, fireworks sold illegally are subject to seizure, and violation of the fireworks law remains a misdemeanor. *Id*. at 4-8. According to Defendants, these restrictive provisions conclusively establish that Washington's fireworks law is "a prohibitory law enforceable under Public Law 280[2] and RCW 37.12.010 and .030." *Id*. at 6-7.

_____

[2]    Defendants concede, however, that the State has retroceded some Public Law 280 jurisdiction within the Yakama Reservation and cannot enforce these

However, Defendants conveniently ignore the less-restrictive and more regulatory aspects of Washington's fireworks laws. For example, the fireworks law does not broadly prohibit the sale of fireworks except in narrow circumstances, as it did before the 1995 amendments. Instead, the fireworks law generally permits the sale of fireworks, subject to regulation, while only narrowly prohibiting the sale of a few specific types of fireworks to the public. *See* RCW 70.77.401 (prohibiting the sale of "sky rockets, or missile-type rockets, firecrackers, salutes, or chasers"). Moreover, the 1995 amendments established civil licensing and revenue generating provisions, demonstrating a state policy to advance "the safe and responsible use of legal fireworks." *See* RCW 70.77.343(2). While the Legislature did not remove criminal penalties from the fireworks statute, a 1994 amendment codified a new policy that "inclusion in [Chapter 70.77] of criminal penalties does not preclude enforcement of this chapter through civil means." *See* RCW 70.77.548. When viewing the more restrictive provisions cited by Defendants alongside these less restrictive aspects of Washington's fireworks law, what emerges is a comprehensive regulatory scheme designed to permit the use of fireworks subject to regulation.

laws there, but contends the State has not retroceded criminal jurisdiction over off-reservation trust allotments. ECF No. 23 at 9.

1       Finally, contrary to Defendants' contentions, the Ninth Circuit's treatment of

2   state fireworks laws and their application to Indian Country in *United States v.*

3   *Marcyes*, 557 F.2d 1361 (9th Cir. 1977) does not support the conclusion that

4   Washington's current fireworks laws are criminal/prohibitory rather than

5   civil/regulatory.  In finding Washington's fireworks law to be criminal/prohibitory,

6   the court in *Marcyes* noted the State's "intent [wa]s to prohibit the general

7   possession and/or sale of dangerous fireworks" because the purpose of the statute

8   was not to generate income by requiring licenses but rather to prohibit the general

9   use of fireworks "in a legitimate effort to promote the safety and health of all

10  citizens."  557 F.2d at 1364.  However, as Defendants acknowledge, the *Marcyes*

11  decision predates the 1995 amendment to Washington's fireworks laws, which

12  conclusively declared the sale and use of fireworks a legal activity; thus,

13  Washington's current regulatory framework governing fireworks is fundamentally

14  different than the fireworks laws at issue in *Marcyes*.  For this reason, the analysis

15  and holding in *Marcyes* has little bearing on this case.

16      Instead, the Court finds the Ninth Circuit's holding in *Confederated Tribes*

17  *of Colville Reservation v. State of Washington*, 938 F.2d 146 (9th Cir. 1991) to be

18  instructive.  In *Colville Reservation*, the Ninth Circuit distinguished *Marcyes* and

19  found speeding was decriminalized in Washington, making it regulatory and not

20  subject to enforcement by the state on roads within the reservation.  938 F.2d at

149.  Similar to *Colville Reservation*, this Court determines that Washington explicitly declared that its fireworks laws are only regulatory, not prohibitory. While the law may carry some criminal sanctions, this does not necessarily convert a regulatory law into a criminal law within the meaning of Public Law 280.  *See Cabazon*, 480 U.S. at 211.

In short, considering the intent of Washington's fireworks laws and Washington's public policy, the Court finds that the fireworks laws are civil/regulatory in nature; therefore, the fireworks laws are unenforceable against tribal members in Indian Country.  For this reason, the Court holds that Defendants may not enforce Washington's fireworks laws against Yakama Members on the Yakama Reservation and Yakama Trust Allotments through its criminal Public Law 280 jurisdiction.

### 3.  Washington's Inherent Authority to Regulate Fireworks

Alternatively, assuming Washington's fireworks laws are civil/regulatory, Defendants argue that the State may nonetheless "regulate the sale of fireworks under its inherent authority" to regulate certain on-reservation activities of tribal members.  ECF No. 23 at 9-10.  According to Defendants, "[r]egardless of whether Public Law 280 applies, when 'state interests outside the reservation are implicated, States may regulate the activities even of tribe members on tribal land.'"  ECF No. 23 (quoting *Nevada v. Hicks*, 533 U.S. 353, 362 (2001)).

Defendants assert that the sale of illegal fireworks, such as those sold to non-Indians from Yakama Trust Allotments, have a significant public safety impact outside Indian Country; therefore, the state's interest in public safety justifies the imposition of Washington's fireworks laws against Yakama Members on off-reservation trust allotments. *Id*. at 11-13.

The Court finds Defendants' "inherent authority" argument unconvincing. True, in certain "'exceptional circumstances'" a state may assert jurisdiction over the on-reservation activities of tribal members absent express congressional permission. *Cabazon*, 480 U.S. at 215 (quoting *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324, 331-32 (1993)). However, in determining whether state jurisdiction is justified in a particular case, the Court must weigh the state's interests in enforcing the law against "traditional notions of Indian sovereignty and the congressional goal of Indian self-government, including its 'overriding goal' of encouraging tribal self-sufficiency and economic development." *Id*. at 216 (quoting *Mescalero*, 334-35).

Here, Defendants fail to establish such exceptional circumstances justifying the imposition of state jurisdiction. While Defendants' interests—preventing the sale and use of illegal fireworks—are important, Plaintiff's regulations governing the use and sale of fireworks provide adequate safeguards against such contingencies. Accordingly, Defendants' interests are not as compelling as they

might be if the sale of fireworks on the Yakama Reservation and Yakama Trust Allotments were left entirely unregulated. Additionally, the sale of fireworks on the Yakama Reservation and Yakama Trust Allotments presumably generates revenue and creates jobs, which furthers the congressional goal of Indian self-government and economic self-sufficiency. Therefore, the Court concludes that Defendants' interests here do not justify the imposition of state civil/regulatory laws absent an express congressional grant of authority.

In short, Defendants have raised no genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law. Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 21) is granted.

## B. Declaratory Judgment and Injunction

Under the Declaratory Judgment Act, this Court has authority to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998). In order to fall within the Declaratory Judgment Act, a plaintiff must raise "a case of actual controversy within [the court's] jurisdiction." 28 U.S.C. § 2201(a). "The controversy must be definite and concrete, touch the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a

hypothetical state of facts." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41 (1937) (citations omitted).

Here, Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 declaring that:

(1) Washington's Fireworks Regulations, as set forth in RCW 70.11 *et seq.*, are properly understood as "regulatory only, and not prohibitory";

(2) Defendants do not have civil regulatory jurisdiction over enrolled Yakama Members selling fireworks in Indian Country, including Yakama trust allotments;

(3) Defendants violated the Yakama Nation's inherent sovereign and Treaty-reserved rights by threatening to unlawfully exercise civil regulatory jurisdiction over enrolled Yakama Members in Indian Country.

ECF No. 21 at 9-10. Based on the Court's ruling above on the enforceability of Washington's fireworks laws in Indian Country, the Court grants Plaintiff's request for a declaratory judgment but declines to include provision (3) in the Court's declaration. While Defendants *threatened* to arrest Yakama Members and seize their personal property in violation of the Yakama Nation's inherent sovereignty and Treaty-reserved rights and jurisdiction, Defendants never effectuated that threat. This Court issued a TRO preventing Defendants from doing so. As such, the statement contained in provision (3) is inaccurate.

Additionally, Plaintiff seeks a preliminary and permanent injunction pursuant to 28 U.S.C. § 2202 enjoining Defendants from exercising civil regulatory jurisdiction over enrolled Yakama Members selling fireworks in Indian Country on Yakama Trust Allotments. *Id*. at 10. "The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). To obtain a permanent or final injunction, a plaintiff must demonstrate: "(1) actual success on the merits; (2) that it has suffered an irreparable injury; (3) that remedies available at law are inadequate; (4) that the balance of hardships justify a remedy in equity; and (5) that the public interest would not be disserved by a permanent injunction." *Indep. Training & Apprenticeship Program v. California Dep't of Indus. Relations*, 730 F.3d 1024, 1032 (9th Cir. 2013). Plaintiff must satisfy each element for injunctive relief.

At this time, the Court declines to grant Plaintiff's request for injunctive relief. Pursuant to 28 U.S.C. § 2202, the Court finds that supplemental relief, including injunctive relief, is not necessary to give effect to this Court's declaratory judgment, an adequate remedy at law. If further relief becomes necessary by future events, however, both the inherent power of the Court to give

effect to its own judgment and the Declaratory Judgment Act would empower this Court to grant supplemental relief.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 21) is **GRANTED**.

2. A declaratory judgment shall be entered, in favor of Plaintiff against each Defendant, declaring that:

   a. Washington's Fireworks Regulations, as set forth in RCW 70.11 *et seq.*, are properly understood as "regulatory only, and not prohibitory"; and

   b. Defendants do not have civil regulatory jurisdiction over enrolled Yakama Members selling fireworks in Indian Country, including Yakama trust allotments.

3. Plaintiff's request for a preliminary and permanent injunction is **DENIED**.

4. Defendants' request for Summary Judgment (ECF No. 23 at 13-14) is **DENIED**.

5. All pending deadlines, hearings and trial are vacated as moot.

The District Court Executive is directed to enter this Order, enter Judgment accordingly, furnish copies to counsel, and close this case.

**DATED** April 24, 2019.

THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 21